Yes. Thank you. Good morning. Christopher Stender for Daniel Zurita-Vasquez. I'd like to reserve three minutes for rebuttal. I'd like to start off with requesting that this case be remanded back to the Board of Immigration Appeals. We did file a motion to remand shortly before the oral argument was scheduled. The reason for the remand is that the sentence has been reduced to less than one year by the trial court. The government says that only some pieces of it have, but in fact, in general, it has not. Well, that would be incorrect, Your Honor. The reason why it went over one year is because of two probation violations. Both of those are specifically referred to in a non-protunct order, and they were vacated. So what you're left with is that the original sentence was for more than a year, and that's what we look at, no? It was 240 days. I think that's an incorrect statement. No. The original – but the sentence, although suspended, was for more than a year, was it not? I would argue that it's not, Your Honor. Well, was it or not? Was what was imposed upon him as opposed to what time he served more than a year? I believe not, Your Honor, no. Was this a situation where the sentence was suspended and not imposed, or was it imposed and not executed? I have a – it was attached to the motion to remand the actual order from the trial court. He was placed on probation for a total of three years, and he was to serve 240 days in the Los Angeles County Jail. That was the sentence that was imposed on October 31, 2002. The order, which has been entered as a non-protunct order by the trial court pursuant to agreement on – On top of all that, how do we deal with that? I mean, doesn't – don't you have to file a motion for reopening to the board? Have you done that? No. It is coming, Your Honor. It's not been done yet. That's why we requested it, because once this case was scheduled for oral argument, we saw that, I think, what would be more appropriate, since the legal landscape has changed, we're backing up the issue. The legal landscape hasn't changed. The facts have changed, and we're not a fact-finding agency. Correct. And that's why we have new evidence. We're not asking that the Court consider that evidence. We're just asking that it consider it as so far as – But in order to do that, you have to file a motion to remand with – to reopen with the board. We will do that, Your Honor. Absolutely. If they don't reopen, what are we remanding to? Excuse me? What are we – what are we remanding to unless there – unless the order has been vacated and the case has been reopened? It has been, and there are new facts. He's no – the Respondent is no longer removable, really, on any basis. I won't – you know, I think there's some issues there, because under Code of Vargas, the Board of Immigration appeals that a sentence modified for any purpose – Are you aware of any case in which the Ninth Circuit has done this, i.e., has – on the basis of a change in the statute, has the Court, in accordance with some changed facts about the conviction, remanded rather than told you to go to the Board and ask them to reopen the case? Your Honor, I – a published decision? No, I don't. Or unpublished or any other kind. No, Your Honor. I have had cases sent to mediation, however, where these types of issues have been resolved. That is my alternative request. I think that's a more appropriate disposition for this case, because, again, as we would point out, he's not – the only ground that the immigration judge found the Respondent deportable for was for the aggravated felony charge based on forgery with a one-year sentence. All right. Did he have a one-year and four-month sentence originally? No, Your Honor. That was after probation violations. There were repeated – Was he sentenced to one year and four months? At some point, yes. Originally, when he was first convicted? No. Our contention is that he's no longer removable at all, or if he is removable, he is cancellation eligible. The issues that were addressed in the brief by the government was a jurisdictional issue. I don't believe any other issue was covered by the government. They argued the Court did not have jurisdiction. I think under the Real ID Act, the Court certainly does have jurisdiction because a question of law was presented at the time. We argued waiver stacking, that the Respondent could seek a 212C waiver and a 240AA cancellation removal simultaneously. The Court, since our brief in Becker, and also in another case I think cited by the government in their letter brief, Garcia Jimenez v. Gonzalez, both of which came out this year in 2007, has decided that issue against the Respondent. We did raise that there was a collateral attack to the conviction before the immigration judge, before the BIA, and before the Ninth Circuit. So that's an issue that has been presented continuously. That evidence has come to fruition now. And we're not arguing that this is properly before the Court, but that doesn't change the fact that there is new evidence, and that's why we're asking first for a remand to the Board of Immigration Appeals, where this issue could be looked at, and, of course, we would ask for a remand to the Board of Immigration Appeals, and we would ask for a further remand to the immigration judge thereafter. Kagan. Well, there in the record is the original California conviction document. What happens, Your Honor, the charge was conceded in front of the immigration judge. In the record, in the administrative record on page 151, there is an abstract judgment, and it does show that a 16-month sentence was imposed. Okay. Page 151. Right. Okay. So if a 16-month sentence was imposed and the statute says the fact that it's suspended doesn't matter, so why isn't that the end of it? Because if you look at the conviction document as it stands, he wasn't sentenced. The abstract is in opposition to what the trial minutes show. The trial minutes show a sentence of 240 days, and that through probation violation was aggregated up to, at one point, a 16-month sentence. That now has been modified by the trial court, and under Vargas Coda, the BIA says that a sentence modified for any reason. We're not in a situation of naff where even the burden shifts to the government to prove that it was vacated solely for rehabilitative or other equitable reasons. We're in a situation where the BIA itself, it says a sentence modified on any basis will be given full credit in any immigration proceedings. And that's what we have here today. Is this other document that you're referring to in the record, the one that says the 240 days on it? It was attached to our motion for remand. So no, it wasn't. Okay. Do you want to argue the merits of the case at all? Excuse me? Do you want to argue the merits of the case at all? Your Honor, I think the merits of the case, I did address them already. The court has two published decisions on whether or not you could stack waivers. It still is our position that it is a lawful thing to do. I don't understand the whole stacking waiver issue having anything to do with this case. This guy was not removed on the basis of his first conviction. So whether he can vacate it or not doesn't make any difference. The 1991 conviction is just out of here. And therefore, we're dealing with a 2002. So what are you trying to stack? We're only dealing with the 2002 conviction at this point. It's the only reason he was removed. Correct. He was removed from the 1991 conviction. That is correct. That is what we argued in our brief. There was the issue which was never brought up. I think under res judicata now in Bravo-Pedroza, they can't bring it up. But that wasn't arguably the case law when we were making these arguments in our briefing. All right. So therefore, the question is whether or not for the 2002 forgery conviction, whether that's an aggravated ‑‑ whether he is eligible for relief for that conviction. And there is some suggestion that because these proceedings began in 1991, he may still be eligible for 212C relief for the forgery conviction. Have you made that argument at all? Well, the forgery argument comes after AIRA and ‑‑ I know the conviction does, but the proceedings here were opened in 1991, and AIRA only applies to ‑‑ doesn't seem to apply to earlier proceedings. Proceedings. The argument has not ‑‑ no, has not been made, Your Honor. Okay. Thank you very much. Thank you. Let me please the Court. Again, my name is Steve Nelli, representing the Acting Attorney General. I would first like to address the motion for remand. It's the government's position that the motion for remand, again, states that two subsequent probation violations were vacated in October of 2006. In support of this motion to remand, Petitioner has attached a document from the California Superior Court that is not a part of the administrative record, and this Court does not have jurisdiction to review nonrecord evidence. That nonrecord evidence also raises issues that were not properly exhausted before the Board of Immigration and Appeals, so this Court does not have jurisdiction to reach those issues either. The proper recourse, as already discussed for the Petitioner, would be to file a motion to reopen with the Board of Immigration and Appeals, and he has not done so. But if these documents came ‑‑ if this happened in October of 2006, he's not going to be able to do it anyway because he's going to be late. That's correct. The 90-day filing deadline would have passed, but he may ask the Board of Immigration and Appeals to sua sponte reopen his case, or alternatively, ask the Department of Homeland Security to join him in a joint motion to reopen. And these are the proper methods of recourse. He's simply ‑‑ but this motion to reopen is simply a way to attempt to circumvent the applicable regulations. Do you cotton to the idea of mediation? I'm not ‑‑ I can't take a position on that right now. It hasn't been discussed with my superiors at the Department of Justice, but I would certainly take that to them. The merits here of the motion I'm talking about now are he was originally sentenced to 16 months suspended. That's correct. Correct. Then sent to jail for 240 days. Is that what happened? That's ‑‑ from what I can gather, again, this is nonrecord evidence that wasn't part of the administrative record. The only thing in the record is the 16-month sentence. Correct. It says he was convicted of the felony, of this offense. He received one year's and four months' sentence. Petitioner, through counsel, conceded this during the immigration proceedings. And the document that he attaches to his motion to reopen appears to suggest that this sentence, like you mentioned, was suspended. Instead, he received three years of probation, and part of that probation was that he received 240 days in jail. Then he repeatedly violated his probation and received subsequent incremental days in jail based on each of these. And some of those have been vacated. And apparently, according to nonrecord evidence, some of those have been vacated. But it does not in any way affect the original conviction and the original sentence, which was, and was conceded, was one year and four months. And your understanding is that suspended sentences still count. That's correct. Under 1101A48, as well as some decisions in this Court, that has been decided already. Petitioner has not argued nor presented any evidence that the original conviction was vacated, which is the matter-of-pickering line of cases, or that the sentence was in any way modified. The original sentence was in any way modified or reduced, which would have been the Cote of Vargas line of cases. But here your position is neither of those things happened. All that happened was that the probation revocations were.  The original conviction and the original sentence remained completely undisturbed. All right. So let's go back to the merits of the case. Okay. All right. What about, because you do address this a little bit in your brief, and I think that the IJ or BIA addressed it, that it's my understanding that this was a 1991 proceeding that was simply reopened much later. That's correct. It's our understanding, after reviewing the administrative record and the relevant proceedings, that this was 1991. He was convicted of the sale of a controlled substance. He was served with an order to show cause and placed in proceedings. But for whatever reason, those proceedings were administratively closed. Okay. In 2005. So is it therefore your understanding, because I think you even said this, that the 212c Relief Act would actually be available to him if he were otherwise eligible, because what the statute does is withdraw 212c Relief for proceedings that begin after a certain date. This wasn't exactly raised in the administrative process. It is an issue whether 212c would be applicable for his 2002 conviction. It was never raised by Petitioner. He was never argued that he was available for that form of relief. So it's our position that that was not exhausted nor identified during the administrative process and really wasn't contemplated by either parties. The Immigration Judgment does make it clear that these are deportation proceedings. Therefore, he would obviously never be eligible for cancellation and removal because he's not in removal proceedings. But whether he is eligible for 212c Relief for his 2002 conviction is something that was never contemplated by the parties and hasn't been exhausted to the core. But you discussed it at some point. And I think it was maybe even discussed before the IJ. And I think you discussed it in your brief here. But the Petitioner didn't seem to know about it. The argument didn't seem to have made it. That's correct. And it would be the government's position. It's footnote 10 where you seem to be addressing it. I apologize. I don't have the brief with me today. But Arrera, the Petitioner was convicted and found deportable based on his 2002 conviction. So beyond the exhaustion claim that it isn't properly before this Court because the Petitioner asked for that form of relief, it also seems somewhat backwards that Arrera abolished the form of 212c Relief in 1997. And in 2002, he was found deportable on his 2002 conviction. He would have had any reliance on any form of 212c Relief based on his plea arrangement that he entered into some 5 years after that form of relief. For another crime. That's true. I'm sorry? For another crime. Because the 212c, if under St. Cyr he pleaded guilty in reliance that he could get discretionary relief on a 212c for cocaine sales, that was a different crime than forgery. Correct, correct. And this comes some 5 years after that was abolished. And even Adipa, which was passed in 1996, found that aliens found deportable or removable based on an aggravated felony or aren't even eligible for a 212c. But that's not really the question. It seems that St. Cyr wouldn't revive this. But the question is whether it ever went away because of the fact that this wasn't very oddly a 1991 proceeding. That's true. That's true. And this is a very novel issue that really wasn't addressed by either party during the administrative process. And it is our contention. It was addressed to some degree by the I.J. And it is addressed in your brief. You say that the I.J. addressed it. Apparently what the I.J. The way the I.J. dealt with it is by saying that there was no comparability. In other words, he was assuming the application of 212c probably correctly, as far as I can tell, to the 2002 conviction, but then decided on the merits that he didn't think the 2002 conviction. That's correct. Just a facial reading of 212a would appear that there's no explicit ground of excludability for Petitioner's deportability basis, which was the forgery conviction. That being said, the government must acknowledge that we're not aware that the Board has found that this exact forgery conviction, there is no comparable ground of excludability. But it would appear from just a facial reading of the statute that there isn't  But this is a very specific issue, especially an issue that wasn't contemplated by either party. Well, you keep saying that. It was obviously contemplated by you sufficiently to put a footnote in your brief about it, and it was obviously contemplated by the I.J. sufficiently to deal with it. Okay. So it was contemplated along the way because somebody who really knows the statute would have realized this. And apparently you did. And apparently the I.J. did. But apparently the Petitioner didn't. That's basically where we are. Correct. If the Court doesn't feel that it or feels it's the exhaustion doctrine hasn't dealt with this sufficiently, then that might be a basis for a very limited remand to decide this particular issue, that is, whether he's available for 212c relief, because the deportation proceedings were commenced in 1991. And this is, you know, again, something that wasn't contemplated by the Petitioner in particular, nor has he filed any form of relief for that. But that being said, if this Court isn't satisfied with the exhaustion doctrine, that this might be a basis for a very limited remand for that particular issue. If the panel doesn't have any more questions, I would just like to conclude by again restating that the motion for remand should be denied because this Court does not properly have jurisdiction to review nonrecord evidence and unexhausted issues that are advanced by that motion. Also, the petition for review should be dismissed because, as I didn't explicitly say, this is a petition for review which was started because he was found removable or deportable based on an aggravated felony, and that limits this Court's jurisdiction. Thank you very much. Ginsburg. Thank you. May I? Yes, go ahead. To point out, there was a 212c application filed, and it is a matter of record. It's in the administrative record. It was filed with the Court back in the 1991 is the date of it. But that's when you thought, the 1991? Correct. I'm just pointing out that it has been filed and was a matter of record. And the immigration judge found that the Respondent was not eligible. Also, to clarify regarding the sentence, the Respondent was not sentenced to 16 months on October 31, 2002. That is incorrect. He was sentenced to 16 months based on a probation revocation on April 19, 2005. His immigration hearing was in July 2005 when the abstract of judgment was presented and is in the administrative record. And that record, being a document not prepared by a court but by a clerk, does reflect that the sentence, the date of conviction is October 31, 2002, and the date the sentence was pronounced is October 31, 2002. But that's simply wrong. When the hearing was held in front of the immigration judge, he had had a 16-month sentence, and that was conceded by the Respondent and his counsel. However, as it stands today, he does not have a 16-month sentence. And that was not the original sentence. So that is incorrect. That is an incorrect statement of fact. What was the original sentence and on what day? The original sentence is 240 days on October 31. And three years of probation? He was given three years under the form of probation for three years under the following terms and conditions. Served 240 days in the L.A. County Jail, and he was given, you know, credit. But the sentence is 240 days. What page are you reading from? Excuse me. Well, it's not a matter of the administrative record. It was attached to our motion to remand. There are facts that are not in evidence. They're not in the record before the Court. That's why we think the matter is appropriate for remand. So when the government is saying that the original sentence is 16 months, it's simply incorrect. Is there a reason why, when all this happened a year ago, you didn't tell either us or the BIA about it a year ago? Well, the Respondent's motion for stay was denied. He's been removed to Mexico, and we've had no contact with him. There was a separate counsel in California that was contracted by the family in order to attempt to vacate the conviction, which we had contact with and then later lost contact with. When we finally got back in contact with the criminal counsel, he told us that it was vacated. He then belatedly got us the document, and we filed the motion for remand. All right. But the problem is that you're too late to file a motion to reopen, and that's why you haven't done it. I mean, you would have had to do it at least within 90 days of when this happened. Well, I would disagree with that, because if he's not deportable, he's not deportable, and I think we can raise that at any point. Oh, really? I think we can. Is that the way the statute is? No, there is a 90-day restriction. I mean, it's not necessarily a good rule, but it's the rule. There is a 90-day restriction. However, there are two other avenues. We can seek to have the government join us in the motion, of course, and there would be jurisdiction, or we can ask for sua sponte. Nonetheless, and there may be compelling facts why this should be considered outside the 90 days. However, once that motion is filed, I think that issue would properly be before the BIA, and if the BIA denies it, it could be appealed to this Court again. Well, sua sponte ones, those two cannot be appealed because we don't review them. Well, of course. I don't know what's going to happen. I'm not saying. Correct. I mean, there are issues of jurisdiction. But what we're requesting simply is that the case be sent back down to the BIA or sent to mediation so these issues could be resolved. Okay.  Thank you very much. Thank you, counsel. The case of Zerita Vasquez v. Gonzales is submitted.
judges: Gibson , Berzon, Bea